IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jerome Nelson, ) | |
| ) | C/A No.: 0:05-3599-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| Linda S. McMahon, Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Jerome Nelson filed an applications for disability insurance benefits and supplemental security income on February 15, 2000 alleging disability commencing January 14, 2000 because of chronic back pain, hypertension, a seizure disorder, and depression. The applications were denied initially and upon reconsideration. Plaintiff requested a hearing before an administrative law judge ("ALJ"). The ALJ held a hearing on February 15, 2001. On July 20, 2001, the ALJ issued a decision that Plaintiff was not entitled to a period of disability and disability insurance benefits under sections 216(i) and 223, respectively, of the Social Security Act. The ALJ further determined that Plaintiff was not eligible for supplemental security income payments under sections 1602 and 1614(a)(3)(A) of the Act. The decision of the ALJ became the "final decision" of the Commissioner on March 20, 2003, after the Appeals Council determined that there was no basis for granting Plaintiff's request for review. Plaintiff brought an action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the "final decision" of the Commissioner. See Nelson v. Barnhart, C/A No. 6:03-1641-MJP-WMC.

In the interim, Plaintiff filed a second set of applications for disability insurance benefits and supplemental security income on September 20, 2001. A different ALJ issued a favorable decision on August 2, 2002, finding that Plaintiff was entitled to a period of disability commencing July 11,

2001 and to disability insurance benefits under sections 216(i) and 223, respectively, of the Act. The Commissioner filed a motion to reverse and remand in C/A No. 6:03-1641. The motion was granted on February 4, 2004 and the matter was remanded to the Commissioner for further administrative proceedings. The Appeals Council was ordered to vacate the July 10, 2001 decision and consolidate the February 2000 claims and the September 2001 claims. See Nelson v. Barnhart, C/A No. 6:03-1641-MJP-WMC (Entry 13). On November 30, 2004, the Appeals Council sent the consolidated cases back to the original ALJ for consideration. On November 1, 2005, the ALJ issued a decision that Plaintiff was not entitled to a period of disability or disability insurance benefits under sections 216(i) and 223, respectively, of the Act. The ALJ further determined that Plaintiff was not eligible for supplemental security income payments under sections 1602 and 1614(a)(3)(A) of the Act. The decision of the ALJ became the "final decision" of the Commissioner on November 9, 2005, after the Appeals Council determined that there was no basis for granting Plaintiff's request for review. Plaintiff thereafter brought the within action, seeking judicial review of the "final decision" of the Commissioner.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for a Report and Recommendation. On February 9, 2007, the Magistrate Judge filed a Report and Recommendation in which he determined that the findings of the ALJ were not supported by substantial evidence. Accordingly, the Magistrate Judge recommended that the decision of the Commissioner be reversed and the case remanded for the purpose of a proper evaluation, discussion, and findings with respect to Plaintiff's residual functional capacity, and for such other further administrative action as is deemed necessary and appropriate. No party filed objections to the Report and Recommendation.

The court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b). In the absence of objections to the Report, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

After a thorough review of the Report and the record in this case, the court adopts the Report and Recommendation and incorporates it herein by reference. Accordingly,

It is ORDERED that the Commissioner's decision be **reversed** and the case **remanded** to the Commissioner for the purpose of a proper evaluation, discussion, and findings with respect to Plaintiff's residual functional capacity, and for such other further administrative action as is deemed necessary and appropriate.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

March 5, 2007

3